# Keller *versus* Stoltz.

1. Keller declared in case against Stoltz for backing water on him by erection of a dam on Keller's land, and asked the court to charge that Stoltz had no right to change the location of the dam on the plaintiff's land; the court answered: that the mere change of the dam was not an abandonment of the right to use the location for the purposes of his right: the important inquiry was did the change increase the flow of water on plaintiff's land or cause new injury. *Held*, not to be a correct answer.

2. If changing the location was wrongful, it was a direct injury, and Keller's remedy was in trespass.

3. In case, the only question was whether the dam had produced the *consequential* damage declared on.

March 26th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

[Keller *v.* Stoltz.]

Error to the Court of Common Pleas of *Lycoming county:* Of January Term 1871, No. 388.

On the 6th of February 1862, George D. Keller brought an action on the *case* against George Stoltz, and declared that he was possessed of a tract of land, &c., and that the defendant within plaintiff's close erected a mill-dam across Muncy creek and raised the water above its usual height so as to cause back-water on plaintiff's land, overflowed and destroyed a fording, &c. The defendant pleaded "not guilty." There had been erected on the defendant's property at a very early day, a mill, the dam of which was across Muncy creek on the plaintiff's property. The plaintiff alleged that the right of defendant to have the dam there was by prescription and that the defendant in 1861 against the remonstrance of the plaintiff moved the dam further up the stream on the plaintiff's land, overflowed it, destroyed a fording, &c. The defendant denied the allegations of the defendant, alleging that the new erection was on the ground where the dam originally stood.

The cause was tried February 4th 1869, before Gamble, P. J.

The parties having closed their case, the plaintiff submitted this point, which raised the only question discussed in the Supreme Court :—

"It appears from all the evidence that the two bulk-heads spoken of by the witnesses, constituted a part of the dam, and were real estate fixtures, and that after the quiet enjoyment by the plaintiff of the right, use and easement of his farm and island for a period of 21 years, while the bulk-head was located where it was immediately preceding the building of the new dam by the defendant in 1861, the defendant had no legal right to change the location of the bulk-head to the injury of the plaintiff, and that he had no right to locate the same on the plaintiff's land, and if he did so change the location the plaintiff is entitled to their verdict."

The court answered :—

"We decline to give you all the instruction asked for in this point. We cannot instruct you that the defendant had no right to locate the bulk-head on the plaintiff's land, and that if he did so change the location the plaintiff is entitled to recover; but say to you as we have done in our general charge, that if the jury believe from the evidence that the defendant and the persons under whom he claims continued to enjoy the water privilege, and occupy the land of the plaintiff, and the persons under whom he claims, upon which the bulk-head is now located, for the purpose of the dam or a race, the mere change of location of the bulk-head was not an abandonment of his right to use that location for the necessary purposes of the full enjoyment of his right. That such change neither increased nor diminished the rights of the defend-

[Keller *v.* Stoltz.]

ant to use or occupy the lands of the plaintiff.   The importance of the change, therefore, depends wholly upon the inquiry—did it increase the flow of the water upon the lands of the plaintiff, or in any manner produce new injury to the enjoyment of his rights ? If it did, the plaintiff is entitled to recover."

The verdict was for the defendant, and on the removal of the case to the Supreme Court, the plaintiff assigned the answer to this point for error.

*Maynard, Eutermarks* and *Porter*, for plaintiff in error.

*Armstrong & Linn*, for defendant in error.

The opinion of the court was delivered, May 13th 1872, by

SHARSWOOD, J.—The record before us raises but a single question: the correctness of the answer of the learned judge to the fourth point of the plaintiff below.   That point he might have declined to answer altogether, for it asked among other things an instruction to the jury upon a question of fact.   Waiving that, however, the judge did answer.   Assuming that there had been a quiet enjoyment by the plaintiff for a period of twenty-one years of his farm and island in a particular manner, it requested that the jury should be charged that the defendant had no legal right to change the location of the bulk-head of his dam to the injury of the plaintiff, and that he had no right to locate the same on the plaintiff's land, and if he did so change the location the plaintiff was entitled to their verdict.   The form of the action was case, and the damages laid in the declaration were exclusively for backing the water up the creek upon and flooding the plaintiff's land, thereby causing the overflow and entire destruction of a fording of the plaintiff, and washing away the banks of the creek whereby he had lost a large portion of his land.   Now in answer to the point the learned judge said : " The importance of the change, if such be the evidence (namely, the change of the location of the bulk-head), depends wholly upon the inquiry : did it increase the flow of water upon the lands of the plaintiff, or in any manner produce new injury to the enjoyment of his rights ?   If it did, the plaintiff is entitled to recover."   This answer was certainly accurate.   Admitting the change of the bulk-head to have been a wrongful act, it was a direct injury, remediable by an action of *trespass quare clausum fregit.*   In this action on the case the only question was whether it had been instrumental in producing the consequential damage complained of in the declaration.   If it had, it mattered not whether the act was rightful or wrongful in itself. If it had been erected on the defendant's own land, yet if it had so obstructed the water of the creek as to cause the plaintiff's land to be overflowed beyond that which had been the case before, it

[Keller *v.* Stoltz.]

would have been ground to recover damages in an action on the case. The entry on the land, the removal of earth, &c., however wrongful, could not have been the ground of recovery in this action. So far as the defendant had a right to a certain easement of water by means of his dam, the mere change of the location of the bulk-head (though if it was a trespass on the plaintiff's land it might have subjected him to an action) was not an abandonment of his right to use that location for the necessary purposes of the full enjoyment of his right (namely, his right to the water-power created by the dam). Such change neither increased nor diminished the rights of the defendant to use or occupy the lands of the plaintiff. This is the part of the answer of which the plaintiff in error has particularly complained, but we think without reason. As applied to the form of the action we discover no error in it.

Judgment affirmed.